UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GREGORY HAYES, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) No. 4:06CV557-DJS |
| | ) |
| MICHAEL BOWERSOX, | ) |
| | ) |
| Respondent. | ) |

### ORDER

The report and recommendation of the United States Magistrate Judge recommends that the Court deny petitioner Gregory Hayes' petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. Petitioner has filed objections to the report and recommendation. Pursuant to 28 U.S.C. §636(b)(1), the Court gives de novo consideration to those portions of the magistrate judge's analysis to which objections are made.

Petitioner was convicted of first degree robbery. In the instant habeas corpus petition, petitioner's first ground for relief is a claim of ineffective assistance of trial counsel based on counsel's failure to request instructions on receiving stolen property. Petitioner asserts that the magistrate judge has misconstrued this ground as a state law issue, readily disposed of because the Missouri Court of Appeals held that receiving stolen property is not a lesser included offense of robbery in the first degree. Petitioner contends that the magistrate judge failed to

address the constitutional issue of trial counsel's ineffective assistance for failure to insure that his client was on trial for a crime that correlated to the allegations of the charging instrument. Petitioner fails to understand the relationship of the state law issue (what is a proper lesser included offense) to the federal constitutional issue (whether counsel rendered effective assistance).

Where state law would not support the argument petitioner criticizes his counsel for failing to make, no ineffective assistance of counsel is shown. Petitioner was charged with robbery in the first degree. The instruction petitioner contends his counsel should have sought – permitting the jury to convict petitioner of receiving stolen property instead – could not properly have been given under Missouri law, as the state courts determined upon their review of the issue in this case. Because that is so, counsel's failure to make what would have been a futile request for an instruction is not constitutionally deficient performance, as it did not fall "outside the wide range of professionally competent assistance." Strickland v. Washington, 466 U.S. 668, 690 (1984). Neither was petitioner prejudiced, as relief on his ineffective assistance claim would require, because there is no reasonable probability that, without the failure complained of, the result of the proceeding would have been different. Id. at 694. Petitioner's objection will be overruled.

Ground Two is petitioner's claim that his appellate counsel was ineffective for failing to argue on appeal that the trial court erred in denying the motion to suppress the victim's in-court identification of petitioner and in overruling the defense's objection to the identification.  As to this claim of ineffective assistance of appellate counsel, petitioner again contends that the magistrate judge incorrectly rejected the claim based on his determination that the Missouri Court of Appeals properly applied Missouri law and reasonably affirmed the denial of petitioner's claim.  Again, petitioner misunderstands the applicable analysis.

Title 28 U.S.C. §2254(a) provides that a writ of habeas corpus may be sought by one in state custody on the ground that he is in custody in violation of the United States Constitution or federal law.  Subsection (d) of §2254 further provides that such a petition shall not be granted as to any claim adjudicated on the merits in the state courts unless it resulted in a decision that was either contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court, or based on an unreasonable determination of the facts.  This limited standard focuses this Court's federal habeas review in a manner petitioner may not fully appreciate when he contends that the Court should merely consider the issues in their relation to the United States Constitution and federal law.

Because Ground Two was considered by the state court, this federal court reviews that court's determination of the right to relief on the standard prescribed in §2254(d).  Petitioner's objections fail to identify any clearly established federal law to which the Missouri court's decision was contrary, or any material facts allegedly unreliably determined by the Missouri court as to Ground Two.  The Missouri Court of Appeals' determination that an appellate challenge to the in-court identification would have failed is therefore not shown to be subject to this Court's reconsideration on habeas under the §2254(d) standard.  Moreover, an appellate counsel's failure to raise an issue on appeal will justify habeas relief only when there is a "reasonable probability that an appeal of [the] issue would have been successful and that the result of the appeal would thereby have been different." Pryor v. Norris, 103 F.3d 710, 714 (8th Cir. 1997).

The likelihood of success of the appellate issues of which petitioner complains is relevant to the ineffecitve assistance analysis, because petitioner must overcome the strong presumption that his attorney's performance was objectively reasonable. Strickland, 466 U.S. at 689.  Appellate counsel does not have a duty to raise every nonfrivolous claim on appeal. Sidebottom v. Delo, 46 F.3d 744, 759 (8th Cir. 1995).  "Th[e] process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy."

Smith v. Murray, 477 U.S. 527, 536 (1986), *quoting* Jones v. Barnes, 463 U.S. 745, 751-752 (1983). These clearly established principles of federal law on the issue of ineffective assistance of counsel appear to have been correctly applied by the Missouri Court of Appeals in rejecting petitioner's Ground Two. Petitioner's objections on this ground are found to be without merit, and will be overruled.

For all the foregoing reasons, and petitioner's objections being overruled, the Court will accept and adopt the magistrate judge's report and recommendation. Finding no basis for federal habeas corpus relief, the petition will be denied. Accordingly,

**IT IS HEREBY ORDERED** that petitioner's objections to the magistrate judge's report and recommendation [Doc. #13] are overruled.

**IT IS FURTHER ORDERED** that the magistrate judge's report and recommendation [Doc. #11] is accepted and adopted.

Dated this ___30th___ day of December, 2008.

/s/Donald J. Stohr
UNITED STATES DISTRICT JUDGE